**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

| | |
|---|---|
| **GREGORY PHILLIPS AND EDNA PHILLIPS** | **PLAINTIFFS** |
| **VS.** | **CIVIL ACTION NO.: 2:12cv123-KS-JMR** |
| **FIRST TOWER LOAN, INC., ALFA INSURANCE, INC., CHRIS SEAY, JOHNSON & JOHNSON INSURANCE, GREAT LAKES REINSURANCE (U.K.) PLC, AND JOHN DOES I THROUGH 10** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Remand [6] of Plaintiffs Gregory Phillips and Edna Phillips. Having considered the motion, the response, the record and the applicable law, the Court finds that this action should be remanded to the Circuit Court of Jefferson Davis County, Mississippi.

**I. BACKGROUND**

On January 27, 2012, Gregory Phillips and Edna Phillips filed suit against First Tower Loan, Inc. ("Tower Loan"); Alfa Insurance, Inc. ("Alfa"); Chris Seay; Johnson & Johnson Insurance ("Johnson & Johnson"); and Great Lakes Reinsurance (U.K.) PLC ("Great Lakes") in Mississippi state court. (*See* Complaint [1-3 at ECF pp. 1-13].) Plaintiffs assert numerous claims for relief relating to the destruction of their residence by fire and their efforts to obtain insurance benefits for the fire loss.

Plaintiffs allege that on or about June 3, 2010, they executed a deed of trust in favor of Tower Loan, using their residence and forty (40) acres of land as collateral for a loan totaling $34,708.19. Plaintiffs contend their financial contract with Tower Loan required it to pay for insurance on their property. Liability is asserted against Tower Loan primarily on the basis that it failed to pay the insurance premiums. Plaintiffs also request

that Tower Loan be enjoined from maintaining foreclosure proceedings and taking any action to deprive Plaintiffs of their real property.

Plaintiffs' claims against Chris Seay and Alfa center upon an alleged misrepresentation in an insurance application signed by Gregory Phillips. Plaintiffs claim that Mr. Phillips visited an Alfa branch office in Prentiss, Mississippi after Tower Loan sent the Plaintiffs a letter in August of 2011, advising that their house was not insured. Chris Seay, an insurance agent for Alfa, allegedly filled out an insurance application for dwelling and contents coverage on the Phillips' home. Mr. Phillips signed the application, but supposedly did not review its contents. One section of the completed insurance application indicated that Mr. Phillips had not filed for bankruptcy in the past five (5) years. However, Mr. Phillips had filed a petition under Chapter 13 of the Bankruptcy Code in or about March of 2011. Mr. Phillips contends that Chris Seay did not ask him any specific questions about bankruptcy proceedings while the insurance application was being completed.

Plaintiffs' Complaint asserts that Great Lakes and Johnson & Johnson issued insurance policy number LSG510002071 (the "Subject Policy") pursuant to the above-referenced insurance application. A fire destroyed Plaintiffs' residence on or about November 14, 2011. Plaintiffs subsequently made a claim under the Subject Policy, which was denied because of the inaccurate information in the insurance application concerning Gregory Phillips' bankruptcy history. Plaintiffs contend that Great Lakes and Johnson & Johnson wrongfully refused to provide insurance benefits for the fire loss.

On April 16, 2012, Tower Loan filed a motion to compel arbitration in the state

court action in reliance on an arbitration provision in its loan agreement with the Plainiffs. On June 14, 2012, an agreed Order Granting Arbitration and Staying Action ("Arbitration Order") [5-1 at ECF pp. 105-06] was filed in the state court proceeding. All of Plaintiffs' claims against Tower Loan were stayed pending the completion of arbitration pursuant to the Arbitration Order.

On July 19, 2012, Alfa and Chris Seay (sometimes collectively referred to as "Alfa") removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].) The Notice of Removal [1] provides that for purposes of diversity, the Plaintiffs are citizens of Mississippi; Great Lakes is a Delaware corporation; Johnson & Johnson is a South Carolina corporation; Alfa is an Alabama corporation; Tower Loan is a corporate citizen of Louisiana and Mississippi;[1] and Chris Seay is a citizen of Mississippi. Alfa contends that the Mississippi citizenship of Seay and Tower Loan should be disregarded because these Defendants have been fraudulently joined in order to defeat diversity jurisdiction. As to Seay, Alfa alleges that he was acting as an agent for a disclosed principal at all relevant times and that Plaintiffs cannot establish a cause of action against him in Mississippi state court. Alfa posits that the Arbitration Order [5-1 at ECF p. 105] precludes the Plaintiffs from establishing a cause of action against Tower Loan.

The Notice of Removal [1] asserts that the lawsuit became removable once Plaintiffs' claims against Tower Loan were compelled to arbitration, and that Alfa timely

---

[1] A corporation is a citizen of the state where it has its principal place of business and the state where it was incorporated for diversity of citizenship purposes. *See* 28 U.S.C. § 1332(c)(1). According to Alfa, Tower Loan was incorporated in Louisiana and has its principal place of business in Mississippi. (*See* Notice of Removal [1] at ¶ 6.)

removed the action within thirty (30) days of its receipt of the Arbitration Order.  (*See* Notice of Removal [1] at ¶ 13.)  Great Lakes and Johnson & Johnson have consented to the action proceeding in federal court.  (*See* Consent to Removal [1-2].)  Tower Loan has not filed any documents in the action subsequent to removal.

On August 13, 2012, Plaintiffs filed their Motion for Remand [6].  Plaintiffs assert two grounds in support of this cause being sent back to the Circuit Court of Jefferson Davis County, Mississippi.  First, Alfa's failure to file all state court documents in its possession in conjunction with the Notice of Removal [1] pursuant to 28 U.S.C. § 1446(a).  Second, the viability of their claims against Chris Seay under Mississippi state law.  Plaintiffs also request their costs, expenses, and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).  The Motion for Remand [6] has been fully briefed and the Court is ready to rule.

## II.  DISCUSSION

### A.  General Removal Principles

"A district court has removal jurisdiction in any case where it has original jurisdiction."  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citing 28 U.S.C. § 1441(a)).  "The removing party bears the burden of establishing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  Since federal courts are of limited jurisdiction and removal raises significant federalism concerns, the "removal statutes are to be construed strictly against removal and for remand."  *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).  A motion to remand alleging a procedural defect in removal must be brought within thirty

(30) days of the filing of the notice of removal, but "the case shall be remanded" at any time before final judgment if it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). Courts are to consider "jurisdictional facts as they existed at the time of removal" in ruling on a motion to remand. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

In this case, removal was based on the Court's original jurisdiction under 28 U.S.C. § 1332. (*See* Notice of Removal [1] at ¶ 3.) The two basic requirements of § 1332 applicable to this action are: 1) that the parties be citizens of different states; and 2) that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. Plaintiff's Motion for Remand [6] challenges the first requirement for diversity jurisdiction and asserts a procedural defect in removal under 28 U.S.C. § 1446(a).

### B. Title 28 U.S.C. § 1446(a)

Plaintiffs contend that remand is in order because Alfa failed to include several state court documents with the filing of the Notice of Removal [1] in accordance with 28 U.S.C. § 1446(a). The statute provides in pertinent part that a defendant seeking to remove an action must file its notice of removal in the appropriate district court "together with a copy of all process, pleadings, and orders served upon such defendant . . . ." 28 U.S.C. § 1446(a). Alfa contends that it filed all "pleadings" in its possession with the Notice of Removal [1] on July 19, 2012, and that all other state court documents were filed in this Court on August 3, 2012, via the Notice of Filing of Entire State Court Record [5]. Alfa's position is that its failure to include summonses and proofs of service with the Notice of Removal [1] is a *de minimis* defect, not fatal to removal.

The majority of courts, including the United States Court of Appeals for the Fifth Circuit, take the view that the failure to include all state court documents with a notice of removal is a procedural defect that may be cured by the removing party. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998-99 (7th Cir. 2011) (holding that the defendants' failure to include a summons with their notice of removal was a minor procedural defect that could be cured after the thirty (30) day removal period); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1273 (10th Cir. 2011) (same); *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958) (noting that if any state court documents "are lacking from the original removal record, they may be later supplied"); *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007) (concluding that the omission of state court service of process papers from the notice of removal filing was a mere procedural error not affecting jurisdiction; and, allowing the defendants to supplement the removal record); *see also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3733 (4th ed.) (providing that the failure to file all state court papers with the notice of removal is "curable in the federal court").

Alfa's failure to submit all the state court documents in its possession with the Notice of Removal [1] was cured by its Notice of Filing of Entire State Court Record [5]. The Court has all the necessary documents before it to determine whether it has jurisdiction over this cause. Further, Plaintiffs have not shown any prejudice caused by the initial absence of certain state court documents from the removal record. *Cf. Walton*, 643 F.3d at 998 (finding that the defendants' supplementation of the removal papers after the removal deadline did not prejudice the plaintiff); *Countryman*, 639 F.3d at 1273

(same).

Plaintiffs' reliance on opinions from the Western Division of this Court applying "the rule of unanimity" is unavailing. *See Smith v. Union Nat'l Life Ins. Co.*, 187 F. Supp. 2d 635 (S.D. Miss. 2001); *Spillers v. Tillman*, 959 F. Supp. 364 (S.D. Miss. 1997). The Fifth Circuit generally requires remand where all defendants have not consented to removal. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992). Conversely, any state court documents initially absent from the removal record "may be later supplied" by the removing party, thus curing any procedural defect in removal and precluding remand. *See Covington*, 251 F.2d at 933. Plaintiffs' request for remand on the basis of § 1446(a) is not well taken since the procedural defect in removal was rendered moot by Alfa's filing of the entire state court record.

### C. Improper Joinder of Non-diverse Defendants

Alfa asserts that the Mississippi citizenship of Tower Loan and Chris Seay does not preclude the Court's exercise of diversity jurisdiction under § 1332 because these defendants have been "fraudulently joined" in this action. The Fifth Circuit has adopted the phrase "improper joinder" for the doctrine that allows the citizenship of a non-diverse defendant to be disregarded for purposes of removal. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004). In accordance with *Smallwood*, the Court will utilize the terms "improper joinder" in considering Alfa's argument in support of the existence of jurisdiction under § 1332.

#### 1. Standard of Review

The doctrine of improper joinder entitles a defendant to remove a case to federal court "unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at

573. The focus of the improper joinder "inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* The "'burden of demonstrating [improper] joinder is a heavy one.'" *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)). The removing party must show either of the following: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* The first method of proving improper joinder is not at issue here.

The test for determining improper joinder under the second method "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court has the discretion to employ one of two standards to determine whether a plaintiff has a reasonable basis for recovery against a non-diverse defendant under state law. First, the court may conduct a Rule 12(b)(6)-type inquiry, looking at the well-pleaded allegations of the complaint to decide if they adequately state a claim for relief. *Id.* (citations omitted). Second, "there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n.10 (5th Cir. 2000)).

Notwithstanding a district court's discretion to pierce the pleadings, the "court should ordinarily resolve a[n] improper joinder [claim] by conducting a Rule 12(b)(6)-type analysis." *McDonal*, 408 F.3d at 183 n.6. "[A] summary inquiry is appropriate only to

identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.[2] Furthermore, "any piercing of the pleadings should not entail substantial hearings." *Id.* at 574. Otherwise, the court risks wading beyond the issue of jurisdiction and into the merits of a plaintiff's claims. *See id.* "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

### 2.     Analysis

Alfa requests that the Court "pierce the pleadings" in determining whether the Plaintiffs have a reasonable basis for recovery against Chris Seay in Mississippi state court. (*See* Alfa's Mem. in Supp. of Resp. in Opp'n [11] at pp. 13-14.) Alfa has submitted an affidavit from Chris Seay concerning his meeting with Gregory Phillips on or about September 26, 2011, at the Alfa Agency in Prentiss, Mississippi, in support of this request. (*See* Seay Aff. [10-1].) Gregory Phillips has, in turn, submitted an affidavit detailing his recollection of what transpired during the subject meeting. (S*ee* Phillips Aff. [15-2]. ) Plaintiffs also contend that certain request for admission responses of Defendants Great Lakes and Johnson & Johnson give rise to fact issues necessitating that a jury determine Seay's liability. (*See* Defs.' Resps. to Pls.' 2d Set of Admis. [15-1].) The Court finds it unnecessary and unwise to pierce the pleadings and wade into the fact issues presented by the parties regarding the merits of Plaintiffs' claims against Chris Seay when it is clear that the "heavy burden of proving" improper joinder as to Tower

---

[2] Whether an in-state doctor defendant treated a plaintiff is an example of a discrete fact that can be easily disproved if not true. *See id.* at 574 n.12 (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)).

Loan has not been met.[3]  *Smallwood*, 385 F.3d at 576.

The Court is unpersuaded that Plaintiffs have no possibility of recovery against Tower Loan simply because their claims against this non-diverse Defendant have been compelled to arbitration. In an often-cited opinion, the United States District Court for the Southern District of Alabama listed five reasons why the existence of an arbitration agreement between a plaintiff and a non-diverse defendant does not necessarily result in the defendant's citizenship being disregarded for removal purposes:

> First, the mere existence of an arbitration agreement does not divest a court, state or federal, of jurisdiction.
>
> . . . .
>
> Second, the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement.
>
> . . . .
>
> Third, "[c]ourts, not arbitrators, ordinarily will decide whether or not a particular dispute is arbitrable."
>
> . . . .
>
> Fourth, even if it were established that the arbitration agreement at issue is otherwise valid and enforceable and that the parties have clearly and unmistakably agreed to submit the arbitrability question itself to arbitration, the right to arbitrate is a waivable right which the defendant may waive intentionally or even negligently by failing to assert it timely or some other

---

[3] The Court recognizes that the Motion for Remand [6] does not address Plaintiffs' claims against Tower Loan in support of remand. However, "courts may raise *sua sponte* issues of subject matter jurisdiction". *Peacock v. United States*, 597 F.3d 654, 658 (5th Cir. 2010) (citation omitted). The Jackson Division of this Court has ordered remand *sua sponte* where its independent review of the complaint led to the conclusion that plaintiffs stated a claim against a non-diverse defendant. *See Edwards v. Am. Gen. Life & Accident Ins. Co.*, No. 3:08cv735, 2009 WL 910976, at *1-2 (S.D. Miss. Mar. 31, 2009). It necessarily follows that this Court may order remand on a basis similar to, but different than the bases urged by the Plaintiffs. *See id.* at *1 n.1 ("The court does not consider that plaintiffs have conceded fraudulent joinder, and hence diversity jurisdiction, by failing to move to remand or otherwise object to the removal.").

"default in proceeding with such arbitration."

. . . .

Fifth, even an order compelling arbitration does not under the FAA divest the court, state or federal, of jurisdiction.

*Frank v. Am. Gen. Fin., Inc.*, 23 F. Supp. 2d 1346, 1348-50 (S.D. Ala. 1998).[4] The first and fifth of these reasons particularly apply to this dispute.

Neither the arbitration agreement between the Plaintiffs and Tower Loan, nor the Arbitration Order [5-1 at ECF p. 105] resulting from the agreement deprived the state court of subject matter jurisdiction. Parties may not "confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver." *Ballew Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012) (citation omitted); *see also Am. Sugar Ref. Co. v. The Anaconda*, 138 F.2d 765, 766-67 (5th Cir. 1943) (The Federal Arbitration Act "was passed not to oust the jurisdiction of the courts but to provide for maintaining their jurisdiction while at the same time recognizing arbitration agreements as affirmative defenses and providing a forum for their specific performance."), *aff'd*, 322 U.S. 42, 64 S. Ct. 863, 88 L. Ed. 1117 (1944). Both federal law and Mississippi state law authorize courts to determine the arbitrability of disputes, enforce subpoenas issued by arbitrators, and confirm or vacate arbitration awards. *See* 9 U.S.C. §§ 3, 4, 7, 9, 10; Miss. Code Ann. §§ 11-15-105, -117, -125, -133.

The Arbitration Order stayed proceedings on Plaintiffs' claims against Tower Loan pending the completion of arbitration, as opposed to dismissing the claims. (*See*

---

[4] Numerous courts have found *Frank* persuasive. *See, e.g.*, *Bio-Tec Envtl., LLC v. Adams*, 792 F. Supp. 2d 1208, 1219 (D.N.M. 2011); *Cobalt Mining, LLC v. Bank of Am., N.A.*, No. 3:07cv598, 2008 WL 695887, at *3 (W.D. Ky. Mar. 12, 2008); *Cure v. Toyota Motor Corp.*, 248 F. Supp. 2d 594, 596-97 (S.D. Miss. 2003); *Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000).

Arbitration Order [5-1 at ECF p. 106].)  But for the removal of this action, a Mississippi state court would enter final judgment on the claims following the completion of arbitration.  The fact that an arbitrator is to decide the merits of Plaintiffs' claims against Tower Loan prior to final judgment in no way leads to the conclusion that those claims are without merit for purposes of improper joinder.

Alfa has failed to demonstrate "that there is no possibility of recovery by the plaintiff[s] against" Tower Loan.  *Smallwood*, 385 F.3d at 573.  Tower Loan's Mississippi citizenship destroys federal diversity jurisdiction under § 1332 and requires remand of this action to the Circuit Court of Jefferson Davis County, Mississippi.

**D.      Costs, Expenses, and Attorney's Fees Under 28 U.S.C. § 1447(c)**

Plaintiffs request that the Court award them their costs, expenses, and reasonable attorney's fees incurred "as a result of the improper and unfounded removal by Defendants."  (*See* Pls.' Mem. Brief in Supp. of Motion for Remand [7] at p. 13.)  Section 1447(c) states in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The grant of a motion to remand does not automatically justify an award under § 1447(c) in the moving party's favor.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).  Instead, "the reasonableness of the removal" determines whether fees should be awarded.  *Martin*, 546 U.S. at 141.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.* (citations omitted).

Although Alfa and Chris Seay's removal of this action was not meritorious, the Court fails to find that the removal was objectively unreasonable. The improper joinder of a non-diverse defendant is a well-established basis for removal within the Fifth Circuit. *See, e.g.*, *McDonal*, 408 F.3d 177; *Smallwood*, 385 F.3d 568. Further, the Court has not identified any Fifth Circuit or United States Supreme Court opinion clearly rejecting a claim of improper joinder where a plaintiff's claims against an in-state defendant were subject to arbitration. Therefore, the Plaintiffs' request for monetary relief under § 1447(c) will be denied.

### III. CONCLUSION

Remand is required since the Plaintiffs and Tower Loan are not of diverse citizenship and the removing parties have failed to demonstrate that Tower Loan was improperly joined. A monetary award in favor of the Plaintiffs under 28 U.S.C. § 1447(c) in conjunction with remand is not warranted.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motion for Remand [6] is granted to the extent it seeks remand of this action to the Circuit Court of Jefferson Davis County, Mississippi. The Motion for Remand [6] is denied to the extent Plaintiffs seek monetary relief under 28 U.S.C. § 1447(c). A separate order remanding this cause to the state court shall issue this date.

SO ORDERED AND ADJUDGED this the 20th day of November, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE